UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CARRIE ANN OVERTON, | ) | CIVIL ACTION NO.: 2016-cv-03307-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED COMPLAINT |
| v. | ) | (JURY TRIAL REQUESTED) |
| | ) | |
| GARRISON PROPERTY | ) | |
| CASUALTY AND | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TO THE DEFENDANT ABOVE-NAMED:

Plaintiff alleges:

1.      Plaintiff is a citizen and resident of Charleston County, South Carolina.

2.      Defendant is a corporation whose principal place of business is in San Antonio, Texas and transacts business in South Carolina.

3.      Plaintiff wishes to dismiss all members of Defendant`s associations in South Carolina that would destroy diversity.

4.      At all times herein mentioned Plaintiff was an insured pursuant to a policy issued by Defendant, with a policy number

1

012727622R71018.

5.    On June 6, 2011, Plaintiff was involved in a motor vehicle collision and sustained serious and permanent injuries.

6.    On December 13, 2011, Plaintiff underwent cervical surgery performed by Dr. George Khoury.

7.    Dr. George Khoury is a board-certified neurosurgeon.

8.    On more than one occasion, including deposition testimony under oath, Dr. Khoury gave his opinion the cervical surgery was proximately caused by injuries sustained by Plaintiff in the June 6, 2011, motor vehicle collision.

9.    Plaintiff has requested benefits pursuant to the aforementioned policy; however, by letter dated September 3, 2015, her claim has been denied.

<u>FOR A FIRST CAUSE OF ACTION</u>
<u>BREACH OF CONTRACT</u>

10.    Paragraphs 1 through 9 are incorporated herein by reference.

11.    This cause of action is brought pursuant to Section 38-59-40, Code of Laws of South Carolina (1976), as amended.

2

12.    Defendant has breached the insurance contract existing between the parties by failing to pay Plaintiff`s claim within ninety days after demand has been made.

13.    Plaintiff is entitled to payment of all benefits due under the insurance contract, plus attorney`s fees.

## FOR A SECOND CAUSE OF ACTION
## BAD FAITH

14.    Paragraphs 1 through 13 are incorporated by reference.

15.    Defendant has, without just cause and in bad faith, refused to pay benefits to Plaintiff, by the following acts/omissions:

    a.    Intentionally delaying a decision on Plaintiff's claim for benefits;

    b.    Ignoring the opinion of Plaintiff's treating physician regarding causation;

    c.    Retaining a medical practitioner for the sole benefit of rendering an opinion that supports Defendant's denial of benefits;

    d.    Such other acts/ omissions that may be discovered during litigation.

## FOR A THIRD CAUSE OF ACTION
## PREJUDGMENT INTEREST

16.    Paragraphs 1 through 15 are incorporated by reference.

17.    Plaintiff is entitled to prejudgment interest pursuant to Section 34-31-20, Code of Laws of South Carolina (1976), as amended.

WHEREFORE, Plaintiff demands judgment against Defendant for such amount of actual and punitive damages as the trier of facts shall determine, prejudgment interest, for the costs of this action, including a reasonable attorney`s fee, and for such further relief as this court deems proper.

S/JOHNNY F. DRIGGERS
JOHNNY F. DRIGGERS, ESQUIRE
108 Central Avenue, Suite 7
Goose Creek, SC 29445
(843) 572-8222
Federal I.D. 606
ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina
March 31, 2017.

4